```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-10013-CIV-KING
                                    MAGISTRATE JUDGE P. A. WHITE

ERVIN EVANS, AKA ERVIN J. THOMPSON,:

        Plaintiff,                 :

v.                                 :      PRELIMINARY REPORT
                                          OF MAGISTRATE JUDGE
SANDRA STERNAL,                    :

        Defendant.                 :
_____
```

## I. Introduction

On February 4, 2009, the plaintiff Ervin Evans, a/k/a Ervin J. Thompson filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding _in forma pauperis_.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding _in forma pauperis_.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>            \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\* \* \*

(B) the action or appeal -

\* \* \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

The plaintiff seeks to sue Sandra Sternal, a dietician with Trinity Food Services.  He alleges that Sternal has not provided an adequate amount of food not and adequate amount of wholesome food.

Although the Constitution does not and the Court cannot dictate the general conditions that should exist in jails and prisons by substituting its views for those of legislators and jail administrators, the Constitution does require conditions of confinement imposed by states to meet certain minimum standards. Bell v. Wolfish, 441 U.S. 520, 552 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571 (11 Cir. 1985), cert. denied, 475 U.S. 1096 (1986).  The Eighth Amendment applied through the Fourteenth Amendment prohibits the infliction of cruel and unusual punishment and thereby places limitations on the conditions in which the State may confine those convicted of crimes.  Robinson v. California, 370 U.S. 660 (1962); Rhodes v. Chapman, 452 U.S. 337 (1981); Hamm, 774 F.2d 1567.

In this case, because the plaintiff apparently is a pretrial detainee, his claims which would lie under the Eighth Amendment prohibition against cruel and unusual punishment if he had been a convicted prisoner, arise instead from the Due Process Clause of the Fourteenth Amendment. Bell, 441 U.S. at 535; Hamm, 774 F.2d at 1571-1574. In the context of a pretrial detainee claim concerning conditions of confinement, the standards are the same as for an Eighth Amendment claim.[1]  Id.

The United States Circuit Court of Appeals for the Eleventh Circuit has held that in order to prevail on an Eighth Amendment

---

[1] It is thus not necessary to analyze when and if the plaintiff may have been a convicted prisoner during any of the times in question.

claim for damages under section 1983, in addition to the requirement that the defendant must have acted under color of state law, a plaintiff must prove three elements: 1) the infliction of unnecessary pain or suffering, Rhodes, 452 U.S. at 347; 2) deliberate indifference on the part of the defendant(s), Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); and 3) causation, Williams v. Bennett, 689 F.2d 1370, 1389-90 (11 Cir. 1982), cert. denied, 464 U.S. 932 (1983). The first two elements of an Eighth Amendment claim, the 'objective' and 'subjective' elements, must both be satisfied. LaMarca v. Turner, 995 F.2d 1526, 1535 n. 17 (11 Cir. 1993)(citing Hudson v. McMillian, 503 U.S. 1 (1992)). Various conditions, alone or together, may make intolerable an otherwise constitutional term of imprisonment, Rhodes at 347; Ingraham v. Wright, 430 U.S. 651, 669 n.38 (1977); however, only unnecessary and wanton infliction of pain rises to the level of cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312 (1986).

Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. Rhodes, 452 U.S. at 347; Ingraham v. Wright, 430 U.S. 651, 670 n.38 (1977); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Byrd v. Clark, 783 F.2d 1002, 1006 (11 Cir. 1986); Hamm, 774 F.2d at 1572; Williams, 689 F.2d at 1380 (11 Cir. 1982). Negligence, alone, cannot be a basis for recovery under §1983. Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986); Estelle, 429 U.S. 97.

The standard may be met if the state is deliberately indifferent to prisoners' basic necessities and fails to provide reasonably adequate food, clothing, shelter, and sanitation. Hamm, 774 F.2d at 1572. Prisoners are guaranteed a nutritionally adequate diet. See Wilson, 501 U.S. at 303 (1991). Food must be "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Brown v. Detella, 1995 U.S. Dist. Lexis 13260, *8 (N.D.Ill. Sept. 7, 1995); French v. Owens, 777 F.2d 1250, 1255 (7 Cir. 1985). The Constitution requires that prisoners be provided "reasonably adequate food."; Newman v. Alabama, 559 F.2d 283, 286 (5 Cir. 1977). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." Smith v. Sullivan, 553 F.2d 373, 380 (5 Cir. 1977).

The plaintiff's allegations concerning the quantity and quality of food are sufficient to clear the initial screening and Rule 12(b)(6) hurdles. It is thus recommended that the claim against the defendant Sternal remain pending.

The plaintiff has not specified whether he intended to sue the defendant in her individual or official capacity. A §1983 suit against the defendant in her official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of their duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in her individual capacity. Moreover, a determination of whether the defendant might

be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

### III. Conclusion

Based on the foregoing, it is recommended that the Complaint proceed against the defendant Sternal in her individual capacity.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 23rd day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ervin Evans, a/k/a Ervin J. Thompson, Pro Se
    No. 6014242
    Monroe County Detention Center
    5501 College Road
    Key West, FL 33040